[No. 18827.   Department Two.   January 3, 1925.]

. THE STATE OF WASHINGTON, *Respondent*, v.
O. B. CONRAD, *Appellant*.[1]

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—VALIDITY—
AUTHORITY IN ABSENCE OF SEARCH WARRANT. Intoxicating liquor in
the presence of the officer at the time of the arrest may be seized
for use in evidence without any search warrant.

MUNICIPAL CORPORATIONS (339)—ORDINANCES—CRIMINAL PROSECU-
TIONS—SENTENCE AND PUNISHMENT—JURISDICTION. In the absence of
any evidence as to the classification of a city, a sentence to the
county jail for violation of a city ordinance will be presumed to
have been according to Rem. Comp. Stat., § 9180, authorizing con-
finement in a county jail on convictions in certain cities.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered March 26, 1924,
upon a trial and conviction of violating a city ordi-
nance. Affirmed.

*Herman Howe,* for appellant.

MACKINTOSH, J.—The appellant was convicted of a
violation of one of the ordinances of the city of Leav-
enworth, making it a misdemeanor to keep or trans-
port intoxicating liquors for the purpose of sale, and
has appealed.

The first ground urged for reversal is that the court
failed to suppress evidence seized by the arresting
officer without a search warrant. The motion for the
suppression of this evidence was properly denied, for
the reason that it appears that no search was neces-
sary to procure the evidence; it was in the presence of
the arresting officer and of the appellant at the time
the arrest was made.

The court also was correct in denying the motion of
appellant to require the city to elect between separate

[1]Reported in 231 Pac. 942.

causes of action stated in the complaint or to dismiss the action because of duplicity in the complaint. This was another of appellant's grounds of appeal.

It is finally urged that the judgment and sentence of the court are void and illegal, for the reason that the appellant was committed to the Chelan county jail, whereas, it is appellant's contention, this being an action under a city ordinance, tried in the police court, from which appeal was taken to the superior court, a person convicted under the ordinance could not be confined in a county institution. In the absence of any showing as to what classification the city of Leavenworth belongs, we must assume that it belongs to that class wherein, according to the statute, a person violating its ordinance may be punished by confinement in the county jail. Section 9180, Rem. Comp. Stat. [P. C. § 841].

Finding no error, the judgment is affirmed.

MAIN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.